# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:05CV348

| | | |
|---|---|---|
| LESLIE A. WHITTINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF JUVENILE JUSTICE AND | ) | |
| DELINQUENCY PREVENTION, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Dennis L. Howell. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendant's motion to dismiss to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the recommendation is adopted in part. **28 U.S.C. § 636(b); Fed. R. Civ. P. 72.**

## I.  STANDARD OF REVIEW

The Defendant moved to dismiss the complaint for failure to state claims upon which relief may be granted.  "'A complaint should not be dismissed for failure to state a claim upon which relief may be granted unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'"  **De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (quoting Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)).**

In the complaint, the Plaintiff refers to filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC); however, he did not attach a copy of the charge to the complaint.  The Defendant supplied a copy of the charge as an exhibit to the motion to dismiss.  The Plaintiff also referred to the receipt of a right to sue letter from the EEOC but again failed to attach a copy.  Finally, the Plaintiff alleges that in June 2003, the Defendant acknowledged that he was entitled to a salary increase but did not attach a copy of the document so providing.  The Defendant has attached a copy of the September 2003 decision of the

Office of Administrative Hearings in connection with the Plaintiff's petition for a contested case hearing.

The issue is whether the undersigned, in ruling on a motion to dismiss for failure to state a claim, may consider these documents as matters outside the pleadings. "Despite the express language of Fed.R.Civ.P. 12(b), . . . '[t]he district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (quoting *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)); *accord*, *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000); *Sebastian v. United States*, 185 F.3d 1368, 1374 (Fed. Cir. 1999); *Helfrich v. Metal Container Corp.*, 2004 WL 1325690, **2 (6th Cir. 2004); *Norfolk Federation of Business Dist. v. H.U.D.*, 932 F. Supp. 730, 736 (E.D. Va. 1996), *aff'd*, 103 F.3d 119 (table), 1996 WL 671293, **1 (4th Cir. 1996) ("**In short, a court may consider matters of public record, items appearing in the record of the case, as well as exhibits attached to the complaint.**"). "[A] court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. Here, all of [Defendants' exhibits] are

publicly-recorded papers from prior . . . proceedings. They meet the public records exception and [the Court may] consider them in deciding this motion to dismiss." ***Happel v. Wal-Mart Stores, Inc.*, 286 F.Supp.2d 943, 945 (N.D. Ill. 2003) (citing *Henson, supra*); *accord*, *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004).** The undersigned will, therefore, consider the two exhibits described above and attached to the Defendant's motion because they are part of the public record from EEOC and administrative hearings in this action. "'[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.'" ***Stewart v. Pension Trust of Bethlehem Steel Corp.*, 12 Fed. Appx. 174, 176 (4th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).** "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." ***GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).**

## II. ALLEGATIONS OF THE COMPLAINT

The parties conceded before the Magistrate Judge that any claim in the complaint based on racial discrimination pursuant to Title VII should be dismissed. As a result, those allegations will not be addressed.

The Plaintiff alleges that in March 2002, he was moved from the position of Assistant Unit Administrator, a pay grade level 63 position, into the supervisory position of a Unit Administrator, a pay grade level 68 position; however, his pay was not increased. In August 2002, he was officially promoted to the position of Acting Unit Administrator, but still did not receive an increase in pay. He requested that his pay be increased; however, the Defendant did not do so although white employees who assumed additional duties were adequately compensated. In April 2003, the Plaintiff filed a petition for a contested case hearing with the Office of Administrative Hearings in which he claimed he was being discriminated against on the basis of his race and age. Immediately after filing this petition, he was demoted from Acting Unit Administrator to Assistant Unit Administrator, the position which he held originally. Despite this demotion, the Plaintiff claims he was required to continue to perform the duties of an Acting Unit Administrator. In June 2003, the Plaintiff claims that the Defendant admitted that he had been entitled to a pay increase for that

period of time when he acted as the Unit Administrator. The Plaintiff received a retroactive pay increase for that period of time. Nonetheless, he alleged that at the time of filing the complaint in November 2005, he was still performing the duties of an Acting Unit Administrator without having received an increase in pay.

### III.  DISCUSSION

The complaint makes the following allegations: (1) he was allegedly demoted from Acting Unit Administrator to Assistant Unit Administrator in retaliation for his complaints about the Defendant's discriminatory practice; (2) despite his demotion, he was required to continue to perform the duties of Acting Unit Administrator without pay; (3) he received a retroactive pay increase for the period from March 2002 through April 2003; however, (4) he is still performing as an Acting Unit Administrator and is not being paid for that position. The Plaintiff's Title VII claim alleges that the Defendant discriminated against him "in the terms and conditions" of employment because of his race and in retaliation for opposing the allegedly discriminatory practices. The parties concede that the racial discrimination claim is properly dismissed. The Plaintiff's claim pursuant to 42 U.S.C. §

1981 alleges that the Defendant discriminated against him "in the terms and conditions" of employment because of his race and in retaliation for opposing the allegedly discriminatory practices.

Based solely on the language of the complaint, the Plaintiff's claims are limited to those set forth above, *i.e.*, (1) he was allegedly demoted from Acting Unit Administrator to Assistant Unit Administrator in retaliation for his complaints about the Defendant's discriminatory practice; (2) despite his demotion, he was required to continue to perform the duties of Acting Unit Administrator without pay; (3) he received a retroactive pay increase for the period from March 2002 through April 2003; however, (4) he is still performing as an Acting Unit Administrator and is not being paid for that position. To complicate the matter, the EEOC charge filed by the Plaintiff alleged that two other employees, one white and one black, were Acting Unit Administrators, but each of those employees were paid at grade level 68 although the Plaintiff did not receive a pay increase. He was demoted back to Assistant Unit Administrator, he claims, because he filed a petition for a contested case hearing. And, he claims that he is still performing the duties of Acting Unit Administrator but is not being paid for doing so.

At this stage, in ruling on a motion to dismiss, the Court finds that the allegations of the complaint may in fact conflict with the EEOC charge. And, there may be other facts not yet known which would clarify certain issues, such as, whether the position was a temporary position which expired by duration.  **See, e.g., Forkkio v. Tanoue, 131 F.Supp.2d 36 (D.C. 2001),** *aff'd,* **306 F.3d 1127 (D.C. Cir. 2002) (reversion to permanent grade after temporary position ended is not the equivalent of an adverse employment action because of the durational limits of the position).**  As a result, the Court will deny the motion to dismiss without prejudice, but will require the Plaintiff to file an amended complaint and attach thereto the appropriate exhibits referenced *infra*.  Plaintiff's counsel is encouraged to review the facts surrounding the Plaintiff's position to ascertain that the issue of an adverse employment action is viable and shall allege such facts in the amended complaint.  These factual allegations are compelling in view of the Plaintiff's admission in his EEOC charge that similarly situated African American employees were in supervisory positions and appropriately paid.

**IV.  ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that on or before 15 days from entry of this Order the Plaintiff shall file an amended complaint. The time within which the Defendant shall answer or otherwise move shall be commenced as of the time of filing of the amended complaint.

Signed: April 7, 2006

Lacy H. Thornburg
United States District Judge